UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-23408-GAYLES/OTAZO-REYES

JANE DOE,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss the Complaint (D.E. 1) filed by Plaintiff, Jane Doe, for failure to state a claim. Plaintiff is a former student at the University. In her Complaint, Plaintiff attempts to assert three claims against the University arising out of the University's handling of her complaints about a fellow student: (1) discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"); (2) retaliation in violation of Title IX; and (3) discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (the "Rehabilitation Act"). Plaintiff, however, fails to plead the necessary elements of any of her claims. Dismissal is appropriate. In addition, pursuant to Fed. R. Civ. P. 10(a) and 12(e), the University respectfully requests that the Court require Plaintiff to provide a more definite statement and prosecute this lawsuit in her own name. It is Plaintiff's burden to provide a compelling justification to proceed under a pseudonym, and Plaintiff makes no effort to carry her burden. Further, Plaintiff should not be permitted to lodge scandalous (and false) allegations in her Complaint behind a cloak of anonymity.

**INTRODUCTION**

Plaintiff formerly was a student at the University. (Compl. ¶ 9.) Plaintiff alleges that, on August 23, 2013 (during her junior year), she was raped by a fellow student (the "Assailant"), who she had been dating.[1] (*Id*.) Plaintiff alleges that the rape occurred at her off-campus apartment. (*Id*.) Plaintiff alleges that, following the rape, the Assailant went to her apartment complex uninvited on multiple occasions and sent her a series of text messages. (*Id*. ¶¶ 10-11.) Plaintiff alleges that, on Friday, September 13, 2013, while Plaintiff and the Assailant were at the same fraternity party, the Assailant approached Plaintiff and pushed her. (*Id*. ¶ 14.) Plaintiff alleges that, later that night, the Assailant sent Plaintiff a series of text messages and again went to her apartment complex. (*Id*. ¶¶ 14-16.) Plaintiff alleges that, on September 14, 2013, Plaintiff reported the above incidents to University Dean William Anthony (Tony) Lake and scheduled a meeting with him for Monday, September 16. (*Id*. ¶ 17.)

Plaintiff alleges that she met with Dean Lake and another University administrator, Nicole Abramson, on September 16, 2013, to discuss the above incidents. (*Id*. ¶¶ 18-22.) Dean Lake advised that the University would issue a "no-contact" order against the Assailant. (*Id*. ¶ 19.) Plaintiff alleges that she "requested that she be allowed to withdraw from the University that semester without any notations on her transcript" so she could return home to "take care of her mental health." (*Id*. ¶ 23.) Plaintiff alleges that Ms. Abramson advised that, if Plaintiff withdrew, her transcript would include a "W" notation, indicating that she had withdrawn. (*Id*.) Plaintiff further alleges that Ms. Abramson instructed her to contact each of her professors to request specific accommodations regarding her coursework. (*Id*.)

---

[1]  Plaintiff does not identify the fellow student by name in her Complaint; for the sake of consistency, the University will refer to him by the same term used by Plaintiff in her Complaint.

Later that month, Plaintiff alleges that she sought counseling through the University's counseling center. (*Id*. ¶¶ 27-28.) In late September or early October 2013, Plaintiff alleges that she was diagnosed with "anxiety and depression." (*Id*. ¶ 30.)

Plaintiff further alleges that, between September and December 2013, the Assailant violated the no-contact order approximately 9-10 times. (*Id*. ¶¶ 31-34.) Plaintiff alleges that she reported these incidents to Dean Lake, who "took no action." Plaintiff also alleges that, in mid-October, she contacted Dean Lake to discuss her sexual assault allegations, but Dean Lake was dismissive, suggesting that Plaintiff might not have been raped. (*Id*. ¶¶ 36-37.)

On November 26, 2013, Plaintiff alleges that she received notice from the University that a hearing on her charges against the Assailant would he held on December 10, 2013. (*Id*. ¶ 41.) Plaintiff alleges that, following the notice, the Assailant approached and/or stalked her on multiple occasions. (*Id*. ¶¶ 42-47.) Plaintiff alleges that she reported these incidents to Dean Lake but was not satisfied by his response. (*Id*.)

On December 10, 2013, the disciplinary hearing was held, following which the Assailant was found responsible for the charges. (*Id*. ¶¶ 48-52.) Plaintiff alleges that the Assailant was permitted to remain on campus notwithstanding those findings. (*Id*.) However, Plaintiff later alleges that Plaintiff was expelled from the University on December 16, 2013. (*Id*. ¶ 54.) Meanwhile, plaintiff alleges that, on December 12, 2013, she obtained an emergency protective order against the Assailant. (*Id*. ¶ 53.) A true and correct copy of the protective order is attached hereto as Exhibit A.[2] Plaintiff also alleges that criminal proceedings were initiated against the

---

[2] In ruling on a motion to dismiss, the Court may consider "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Drew Estate Holding Co., LLC v. Fantasia Distribution, Inc.*, No. 11-21900-CIV, 2012 WL 234105, at *3 (S.D. Fla. Jan. 24, 2012) (citing *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Because Plaintiff

Assailant; ultimately, in the Spring of 2014, the Assailant pled guilty to stalking, was placed on probation, was placed on the sex offender registry and was ordered to stay away from Plaintiff. (*Id*. ¶¶ 60-61.) A true and correct copy of the Assailant's criminal court docket and final judgment are attached hereto as Exhibit B.[3]

Meanwhile, on December 16, 2013, Plaintiff alleges that she e-mailed Ms. Abramson and requested that she be permitted to "take incompletes and finish her exams after [the upcoming winter] break" and that her absences from classes during the semester be excused. (*Id*. ¶ 55.) Plaintiff alleges that Ms. Abramson advised her that "anxiety and depression did not constitute disabilities." (*Id*. ¶ 56.) Notwithstanding, according to Plaintiff, Ms. Abramson contacted Plaintiff's professors regarding Plaintiff's requests. (*Id*. ¶ 57.) Plaintiff alleges that she received accommodations from some of her professors but still "was unable to complete all of her coursework that semester." (*Id*. ¶¶ 58-59.)

Plaintiff alleges that she went home to Georgia for Winter Break and returned to the University for the Spring 2014 semester. (*Id*. ¶ 60.) However, according to Plaintiff, she "immediately felt overwhelmed and realized that she would need another extension to complete her coursework from the previous semester." (*Id*. ¶ 62.) On January 12, 2014, Plaintiff alleges that her parents wrote a letter to University President Donna Shalala in which they expressed concern for Plaintiff's safety and requested "an academic accommodation" for Plaintiff. (*Id*. ¶ 63.) That

---

expressly referenced the protective order in her Complaint (¶ 53), the Court may consider same in ruling on this motion. Further, the Court may take judicial notice of court records in ruling on this motion. *McDowell Bey v. Vega*, 588 Fed. Appx. 923, 927 (11th Cir. 2014) (collecting cases). Because the Court has not ruled on the University's request that Plaintiff proceed in her real name, the University has redacted the names of Plaintiff and the Assailant. The University can provide un-redacted copies to the Court upon request.

[3]   As noted *supra*, the Court properly may consider both in ruling on this motion. Further, the University has redacted the names of Plaintiff and the Assailant.

same day, Plaintiff alleges that Dean Patricia A. Whitely responded, advising that accommodations should be requested through individual professors. (*Id*. ¶ 64.) Plaintiff alleges that she "quickly realized" she would not be able to complete the Spring 2014 semester and requested to withdraw; however, the University advised her that she could not withdraw without notations on her transcript. (*Id*. ¶ 65.) Plaintiff alleges that, on January 25, 2014, she attempted suicide. (*Id*. ¶ 66.) Thereafter, Plaintiff (through counsel) negotiated a leave of absence with the University's in-house counsel, which permitted her to withdraw without markings on her transcript. (*Id*. ¶ 67.)

Plaintiff alleges that, following her attempted suicide, she was admitted to the Menninger Clinic in Texas and ultimately was diagnosed with Post Traumatic Stress Disorder ("PTSD"). (*Id*. ¶ 69.) Plaintiff alleges that she returned to the University for the Fall 2014 semester. (*Id*. ¶ 70.) Plaintiff alleges that she requested academic accommodations from her professors, some of which were granted. (*Id*.) Plaintiff alleges that she graduated from the University in May 2015. (*Id*. ¶ 71.)

Based on the foregoing allegations, Plaintiff attempts to assert three claims against the University. In Count I, Plaintiff alleges that she was discriminated against by the University based on her sex in violation of Title IX. (*Id*. ¶¶ 73-82.) In Count II, Plaintiff alleges that she was retaliated against by the University in violation of Title IX. (*Id*. ¶¶ 73-82.) In Count III, Plaintiff alleges a claim of disability discrimination in violation of the Rehabilitation Act. (*Id*. ¶¶ 89-94.)

## ARGUMENT

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Plaintiff has failed to state a claim under Title IX or the Rehabilitation Act. A Title IX discrimination claim requires Plaintiff to plead that she was treated with deliberate indifference by an "appropriate school official" - - *i.e.*, someone with the authority to address the alleged discrimination and to institute corrective measures on the University's behalf." Plaintiff, however,

does not plead that element. Plaintiff's Title IX retaliation claim similarly is deficient. That claim requires Plaintiff to plead that the University took an adverse action against her because she engaged in statutorily-protected activity and that her protected activity was the but-for cause of the adverse action. Plaintiff's Complaint contains no such allegations. Finally, Plaintiff's Rehabilitation Act claim requires Plaintiff to plead that she had a disability that substantially limited a "major life activity." Plaintiff failed to do so. Accordingly, the Complaint properly should be dismissed for failure to state a claim.

### A.     Legal Standard on a Motion to Dismiss

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A "'formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Brinson v. Welsh*, No. 16-17487, 2017 WL 4176209, at *2 (11th Cir. Sept. 21, 2017) (citing *Iqbal*, 556 U.S. at 678).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). "In short, the complaint must not merely allege a misconduct,

but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *Iqbal*, 556 U.S. at 678).

### B.   Count I Fails to Plead a Plausible Claim of Sex Discrimination under Title IX.

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A Title IX discrimination claim has four elements: "(1) the defendant is a Title IX funding recipient; (2) an 'appropriate person' had actual knowledge of the discrimination or harassment the plaintiff alleges occurred; (3) the funding recipient acted with deliberate indifference to known acts of harassment in its programs or activities; and (4) the discrimination is 'so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit.'" *Doe v. Bibb County Sch. Dist.*, 688 Fed. Appx. 791, 795 (11th Cir. 2017) (quoting *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1293 (11th Cir. 2007), in turn *quoting Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)). An "appropriate person" is, "at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." *Bibb County*, 688 Fed. Appx. at 795 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).

Here, Plaintiff's Complaint does not contain any allegations that she reported her concerns to an "appropriate person" with authority to remedy the situation. Dismissal is appropriate on this basis alone. *See, e.g.*, *Sarver v. Jackson*, 344 Fed. Appx. 526, 530 (11th Cir. 2009) (affirming dismissal of Title IX claim where the plaintiff failed to allege that an appropriate school official "demonstrated any deliberate indifference to the matter"); *Porter v. Duval Cty. Sch. Bd.*, 406 Fed. Appx. 460, 463 (11th Cir. 2010) (affirming dismissal of Section 1983 claim arising out of alleged

student-on-student sexual harassment because the Plaintiff failed to "allege in her amended complaint that the [an appropriate official of the defendant educational institution] acted with deliberate indifference"); *Palmer ex rel. Palmer v. Santa Rosa Cty., Fla., Sch. Bd.*, No. 3:05CV218/MCR, 2005 WL 3338724, at *5 (N.D. Fla. Dec. 8, 2005) (dismissing Title IX claim because the plaintiff failed to allege "deliberate indifference to [her] complaints as evidenced by an official decision not to remedy them").

### C.  Count II Fails to Plead a Plausible Claim of Retaliation under Title IX.

Title IX also provides a cause of action for retaliation. *Bigge v. Dist. Sch. Bd. of Citrus Cty., Fla.*, No. 5:13-CV-49-OC-10PRL, 2015 WL 1138472, at *9 (M.D. Fla. Mar. 13, 2015) (citing *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-75 (2005)). A Title IX retaliation claim has three elements: (1) the plaintiff engaged in statutorily-protected activity; (2) the university took adverse action against her; and (3) the adverse action was caused by the protected activity. *Bigge*, 2015 WL 1138472, at *10 (citing *Ross v. Corporation of Mercer Univ.*, 506 F. Supp. 2d 1325, 1360 n.53 (M.D. Ga. 2007), in turn citing *Stavropoulos v. Firestone*, 361 F.3d 610, 616 (11th Cir. 2004)); *Ali v. Margate Sch. of Beauty, Inc.*, No. 11-60102-CIV, 2011 WL 4591878, at *3 (S.D. Fla. Sept. 30, 2011) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)). Further, as the United States Supreme Court recently held, a plaintiff in a retaliation case "must establish that the retaliation was the 'but-for' cause of the adverse employment actions he allegedly suffered." *Fodor v. E. Shipbuilding Grp.*, No. 5:12-CV-28-RS-CJK, 2014 WL 1478845, at *17 (N.D. Fla. Apr. 15, 2014) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013)).[4]

---

[4]  Title VII retaliation standards apply to Title IX cases. *See McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 Fed. Appx. 980, 982 and 982, n.2 (11th Cir. 2015) (citing *Summa v. Hofstra Univ.*, 708 F.3d 115, 131 (2d Cir. 2013) and *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 388 (7th Cir. 2012)). *See also Bigge*, 2015 WL 1138472, at *10; *Ali*, 2011 WL 4591878, at *3.

Here, Plaintiff's Title IX retaliation claim merely is a restatement of her Title IX discrimination claim. (*Compare* Compl. ¶¶ 73-82 *with* Compl. ¶¶ 83-88.) Although Plaintiff alleges that she engaged in statutorily-protected activity (the first element of her claim), Plaintiff fails to allege that she suffered an adverse action <u>because of</u> her alleged protected activity or that, but for such activity, she would not have suffered any adverse action (the second and third elements of her claim). Dismissal is appropriate. *See, e.g.*, *McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 Fed. Appx. 980, 983 (11th Cir. 2015) (affirming dismissal of retaliation claim where the plaintiff failed to allege the requisite causal connection between his protected activity and the adverse action).

### D. Count III Fails to Plead a Plausible Claim of Disability Discrimination under the Rehabilitation Act.

The Rehabilitation Act provides, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). A claim under the Rehabilitation Act requires a plaintiff to plead three elements: "(1) he has a disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as a result of his disability." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017) (citing *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1310 (11th Cir. 2007)).

A "disability, for purposes of the Rehabilitation Act, is a physical or mental impairment that substantially limits one or more major life activities." *Boyle*, 866 F.3d at 1288 (citing 29 U.S.C. § 705(9)(B)). It is the "plaintiff's duty to specifically plead the major life activities she believes to

9

be impaired" in order to establish that she has a disability. *Schwertfager v. City of Boynton Beach*, 42 F. Supp. 2d 1347, 1356 (S.D. Fla. 1999) (citing *Bragdon v. Abbott*, 524 U.S. 624 (1998)). The failure to plead a major activity warrants dismissal. *See, e.g.*, *Rohn v. Palm Beach Cty. Sch. Bd.*, No. 11-81408-CIV, 2013 WL 1748791, at *3 (S.D. Fla. Apr. 23, 2013) (dismissing Rehabilitation Act claim where, *inter alia*, plaintiff failed to allege any impairment of a major life activity); *Dixon v. McArthur Dairy, LLC*, No. 09-21774-CIV-SEITZ, 2010 WL 2985634, at *3 (S.D. Fla. July 23, 2010) (same); *Constantino v. Madden*, No. 802CV1527T27TGW, 2003 WL 22025477, at *2 (M.D. Fla. Apr. 1, 2003) (same). *See also Chapman v. U.S. Postal Svc.*, 442 F. App'x 480, 485 (11th Cir. 2011) (affirming dismissal of claim under the Americans with Disabilities Act (the "ADA")[5] claim where plaintiff failed to allege, *inter alia*, how her alleged disability "impaired a major life activity").

Here, Plaintiff's Complaint does not contain any allegations that she had any disability that impaired a major life activity. Therefore, Plaintiff has failed to state a claim, and Count III should be dismissed.

**II.  PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT AND PROCEED IN HER OWN NAME.**

Fed. R. Civ. P. 12(e) authorizes a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In accordance therewith, the University respectfully requests that the Court require Plaintiff to prosecute this lawsuit in her own name.

---

[5]  Cases involving the ADA are applicable to cases involving the Rehabilitation Act. *Constantino v. Madden*, 802CV1527T27TGW, 2003 WL 22025477, at *2 n.5 (M.D. Fla. Apr. 1, 2003) (citing *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 913 (11th Cir. 1996)).

Fed. R. Civ. P. 10(a) requires that a "complaint must name all the parties." To that end, it is well-established that, "Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank,* 951 F.2d at 322. "This creates a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis,* 631 F.3d 1310, 1315 (11th Cir. 2011). "Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id*.

Plaintiff filed this lawsuit under the pseudonym "Jane Doe" but did not seek leave of Court to do so and has not articulated any basis to proceed in this manner.[6] Plaintiff is an adult (who was a college junior at the time of the alleged events and currently is a law student). She has chosen - - more than three years after the alleged events occurred - - to make serious allegations against the University in a public forum. Courts have required plaintiffs to proceed in their real names in similar cases involving alleged sexual assault and/or violations of Title IX. *See, e.g*., *F.B. v. E.*

---

[6]   Based on the Eleventh Circuit's decision in *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992), which found that the Honorable William J. Zloch did not abuse his discretion in denying the plaintiff's motion to proceed under a pseudonym, it appears that the proper way for Plaintiff to have sought to proceed anonymously would have been by motion.

11

*Stroudsburg Univ.*, No. 3:09CV525, 2009 WL 2003363, at *4 (M.D. Pa. July 7, 2009) (requiring plaintiffs to proceed in their real names in a Title IX lawsuit based on sexual assault and finding that the "inherent public interest in transparent judicial proceedings" outweighed the plaintiffs' claims of embarrassment and humiliation); *Doe v. Bell Atl. Bus. Sys. Servs, Inc.*, 162 F.R.D. 418 (D. Mass. 1995) (denying plaintiff's request to proceed anonymously in a case alleging sexual harassment as not meeting the test articulated by the Eleventh Circuit in *Frank* and noting that "Plaintiffs alleging sexual harassment have generally not been allowed to proceed anonymously"); *Doe v. Univ. of R.I.*, 28 Fed. Serv. 3d 366 (D.R.I. 1993) (denying former student, who claimed she was sexually assaulted, the opportunity to proceed under a pseudonym in order to avoid the social stigma associated with being a victim of sexual assault/harassment and ostracism at her new school); *Doe v. Shakur,* 164 F.R.D. 359, 361-362 (S.D. N.Y. 1996) (victim of sexual assault not permitted to prosecute a civil suit for compensatory and punitive damages using a pseudonym); *Rose v. Beaumont Indep. Sch. Dist.,* 240 F.R.D. 264, 267 (E.D. Tex. 2007) (student who sued school district claiming she was forced to engage in sex acts with male athletes was required to proceed under her real name).

Further, as the attachments hereto make clear, Plaintiff's name (as well as the name of the Assailant) already is a matter of public record. As such, there simply is no basis for her to proceed anonymously in this lawsuit. *See, e.g.*, *V.R. ex rel. A.R. v. Bd. of Educ. of City of N.Y. (Dist. 2)*, No. 03 CIV. 1031 (LAK), 2003 WL 1565954, at *1 (S.D.N.Y. Mar. 13, 2003) (finding that leaving plaintiffs' names out of the case caption "would accomplish little of substance and yield little enhancement of privacy," where their names already were a matter of court record in other filings); *Klein v. City of N.Y.*, No. 10 CIV. 9568 LAK JLC, 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011) (same).

For these reasons, the University respectfully requests that the Court require Plaintiff to proceed in her real name.[7]

WHEREFORE, the University respectfully requests that the Court (1) dismiss the Complaint; (2) require Plaintiff to proceed in her real name in this lawsuit; (3) award the University its reasonable attorneys' fees and costs pursuant to applicable law, including 42 U.S.C. § 1988(b) and 29 U.S.C. § 794a(b); and (4) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

---

[7] Proceeding under a pseudonym will require the University to redact all documents filed with the Court and unnecessarily add to the University's burden in defending this case. Moreover, without sufficient justification, it will shield from the public information to which it is entitled under our open, public court system.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 13th day of November, 2017, upon the following:

Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L
Bradley J. Edwards
Brittany N. Henderson
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Tel.: (954) 524-2820
Fax: (954) 524-2822
E-mail: brad@pathtojustice.com
E-mail: brittany@pathtojustice.com

                                                          By: /s/ Eric D. Isicoff
                                                                Eric D. Isicoff